

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

*Nemours Building*  (302) 573-6277
*1007 Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

June 19, 2006

The Honorable Sue L. Robinson
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

    Re:    **United States v. Ernesto Rios-Pardino,**
             **Criminal Action No. 06-44-SLR**

Dear Chief Judge Robinson:

    Enclosed please find a proposed plea agreement in the above-captioned case. The parties request that the Court schedule a Rule 11 hearing. For scheduling purposes, counsel are available on July 5-7 and July 11-13, 2006.

    Respectfully submitted,

    COLM F. CONNOLLY
    United States Attorney

By: _____
    Leonard P. Stark
    Assistant U.S. Attorney

LPS:taj
Enclosure

cc:    Elayne C. Bryn, Esq. **(by facsimile & mail)**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERNESTO RIOS-PARDINO, )<br>)<br>Defendant. ) | Criminal Action No. 06-44-SLR |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Leonard P. Stark, Assistant United States Attorney, and Elayne C. Bryn, Esquire, attorney for the defendant, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees shall enter a guilty plea to the one count indictment charging Reentry After Deportation by an Aggravated Felon, a violation of Title 8, United States Code, Section 1326(a) and (b)(2), which carries a maximum penalty of twenty years incarceration, a $250,000 fine, three years supervised release, and a $100 special assessment.

2. The elements of Reentry By An Aggravated Felon, each of which the government would have to prove beyond a reasonable doubt at trial, are: (i) the defendant is not a United States citizen; (ii) the defendant was deported from the United States; (iii) the defendant thereafter knowingly returned to the United States; and (iv) the defendant returned to the United

States without permission from the Attorney General of the United States nor the Undersecretary for Border and Transportation Security in the Department of Homeland Security.

3. The United States agrees that in consideration of the defendant's timely guilty plea, the government will not oppose a reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1. If the Offense Level prior to application of Section 3E1.1 is 16 or greater, the government will not oppose a three point reduction; otherwise, the government will not oppose a two point reduction.

4. The defendant agrees to pay any special assessment or fine at the time of sentencing.

5. If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

6. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

7. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this

memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

COLM F. CONNOLLY
United States Attorney

BY: _____

_____
Elayne C. Bryn, Esquire
Attorney for Defendant,
Ernesto Rios-Pardino

Leonard P. Stark
Assistant United States Attorney

_____
Ernesto Rios-Pardino
Defendant

Dated:

AND NOW this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Honorable Sue L. Robinson
United States District Court
District of Delaware