*Filed in Open Court*
*FMT 8/9/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-44-SLR |
| | ) | |
| ERNESTO RIOS-PARDINO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Leonard P. Stark, Assistant United States Attorney, and Elayne C. Bryn, Esquire, attorney for the defendant, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees he shall enter a guilty plea to the one count indictment charging Reentry After Deportation, a violation of Title 8, United States Code, Section 1326(a).

2. The parties acknowledge that there is a dispute as to the maximum penalties, which will be resolved at the time of sentencing. The government acknowledges that the defendant will argue at sentencing that he has not committed any offense that would subject him to sentencing pursuant to the aggravated felony provision of Title 8, United States Code, Section 1326(b)(2), and, accordingly, that the maximum penalties he faces are two years incarceration, a $250,000 fine, three years supervised release, and a $100 special assessment. The defendant understands that the government may argue at sentencing that the defendant is subject to the

greater maximum penalties provided for under Title 8, United States Code, Section 1326(b)(2), which are twenty years incarceration, a $250,000 fine, three years supervised release, and a $100 special assessment.

3. The elements of Reentry After Deportation, each of which the government would have to prove beyond a reasonable doubt at trial, are: (i) the defendant is not a United States citizen; (ii) the defendant was deported from the United States; (iii) the defendant thereafter knowingly returned to the United States; and (iv) the defendant returned to the United States without permission from the Attorney General of the United States nor the Undersecretary for Border and Transportation Security in the Department of Homeland Security.

4. The United States agrees that in consideration of the defendant's timely guilty plea, the government will not oppose a reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1. If the Offense Level prior to application of Section 3E1.1 is 16 or greater, the government will not oppose a three point reduction; otherwise, the government will not oppose a two point reduction.

5. The defendant agrees to pay any special assessment or fine at the time of sentencing.

6. If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7.      The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

8.      It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

_____  BY: _____
Elayne C. Bryn, Esquire          Leonard P. Stark
Attorney for Defendant,           Assistant United States Attorney
Ernesto Rios-Pardino

COLM F. CONNOLLY
United States Attorney

_____
Ernesto Rios-Pardino
Defendant

Dated: 8-9-06

AND NOW this __9th__ day of __August__, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Honorable Sue L. Robinson
United States District Court
District of Delaware